IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DERYKE M. PFEIFER, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 3:20-cv-282-ECM-JTA |
| JUDGE STUART K. SMITH, *et al.*, | ) ) ) |
| Defendants. | ) |

**<u>REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

This matter is before the court for screening prior to service of process pursuant to 28 U.S.C. § 1915A.[1] Plaintiff Deryke M. Pfeifer, a prisoner[2] detained in the Lee County Detention Center in Opelika, Alabama, proceeding *pro se*, filed a handwritten document which was docketed erroneously in this court as a 42 U.S.C. § 1983 civil rights complaint. (Doc. No. 1; Docket entry dated May 29, 2020 ("erroneously docketed as Inmate 1983

---

[1] Plaintiff did not seek leave to proceed *in forma pauperis* and, instead, submitted payment of the requisite filing and administrative fees. (Doc. No. 4.) Thus, the court is obligated to screen the complaint for possible summary dismissal under 28 U.S.C. § 1915A. Specifically, the screening procedure requires that "[o]n review [of a prisoner's complaint], the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

[2] This court may take judicial notice of its own records and the records of other federal courts. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999). Here, the court takes judicial notice of its own records which reflect that Plaintiff was arrested and charged with a federal gun crime on November 8, 2019. *See United States v. Deryke Matthew Pfeifer*, Case No. 1:19-cr-463-ECM, Doc. No. 1. Plaintiff has been detained since his arrest. *Id.*, Docs. No. 12, 13. On May 7, 2020, Plaintiff was found to be incompetent to stand trial and was committed to the custody of the Attorney General for a reasonable period of time to determine whether he can be restored to attain competency in the foreseeable future. *Id.*, Doc. No. 34.

Complaint").) In said handwritten document, Plaintiff seeks relief against Dale County District Judge Stuart K. Smith and Dominik K. Thomas of the Alabama Department of Human Resources for slander and defamation. (Doc. No. 1.) This action was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636. (Doc. No. 7.)

For the reasons stated herein, the undersigned finds that this action is due to be dismissed because the court lacks subject matter jurisdiction over Plaintiff's claims.

## I. STANDARD OF REVIEW

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees as early as possible in the litigation. Because Plaintiff is a prisoner[3] "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the court is required to conduct a preliminary review of his complaint. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases). When performing this review, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). The court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which states no claim upon which relief can be granted.

---

[3] 28 U.S.C. § 1915A(c) defines "prisoner," in pertinent part, as "any person incarcerated or detained in any facility who is accused of . . . violations of criminal law . . . ."

28 U.S.C. § 1915A(b)(1) & (2).  The court may *sua sponte* dismiss a prisoner's complaint prior to service.  *See* 28 U.S.C. § 1915A(a).

Under § 1915A(b)(1) the court may dismiss a claim as "frivolous where it lacks an arguable basis in law or fact."  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless."  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  A claim is frivolous as a matter of law where the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id.*, or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).  Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Neitzke*, 490 U.S. at 327.

The court may dismiss a complaint, or any portion thereof, under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  Dismissal under § 1915A(b)(1) may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  A review on this ground is governed by the same standards as dismissals for failure to state a

claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## II. FACTUAL ALLEGATIONS

In his handwritten Complaint, which is entitled "Motion of Slander and Defamation of Charactor [sic] in Child Kidnapping and Trafficking Allegations," Plaintiff names Dale County District Judge Stuart K. Smith and Dominik K. Thomas of the Alabama

Department of Human Resources ("Alabama DHR") as defendants.[4] (Doc. No. 1.) This document, albeit devoid of clarity, provides

> this civil complaint of slander and defamation of character against Judge Stuart K. Smith and Dominik Thomas for their continuing to use mental health reasons against [Plaintiff] falsely preventing contact of [Plaintiff] with his great nephews and great nieces seeking to cover-up their part in the kidnapping and child trafficking [sic] children through DHR of Ozark, Alabama . . . the claim that [Plaintiff] is a mental health patient being falsely document[ed] in court child custody filings.

(*Id.* at 1-2.) Plaintiff seeks damages against the defendants in the amount of $500,000.00. (*Id.* at 3.)

### III.   DISCUSSION

The court has carefully reviewed the Complaint in this case pursuant to 28 U.S.C. § 1915A. Upon review, the court finds that this case should be dismissed for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and federal statutes. *See, e.g., Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986). "[A] court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). This inquiry should be done at the earliest stage in the proceedings and *sua sponte* whenever subject matter jurisdiction may be lacking. *University of S. Ala.*

---

[4] Plaintiff does not allege any violations of his rights under the Constitution or laws of the United States, as required in a 42 U.S.C. § 1983 civil rights complaint.

*v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). A plaintiff invoking the court's jurisdiction must establish the basis for such jurisdiction in the complaint. *See Taylor v. Appleton*, 30 F.3rd 1365, 1367 (11th Cir. 1994).

Federal jurisdiction is based on either diversity of citizenship jurisdiction or federal question jurisdiction. 28 U.S.C. § 1332; 28 U.S.C. § 1331. Diversity of citizenship jurisdiction requires that the action be "between . . . citizens of different States. . . ." and the matter in controversy must exceed the sum or value of $75,000.00. 28 U.S.C. § 1332(a)(1). According to the Complaint, all parties are citizens of Alabama and thus there is no diversity of citizenship. Likewise, federal question jurisdiction does not exist because Plaintiff's slander and defamation claims do not arise under the Constitution, federal law or treaties of the United States. 28 U.S.C. § 1331. Rather, it is clear that if Plaintiff has any claims against the defendants they would arise under state tort law.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given." *See* Fed. R. Civ. P. 15(a). Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile. *Foman*, 371 U.S. at 182. Under the facts presented, the undersigned concludes that amendment of the Complaint would be futile because amendment would not cure the

deficiency regarding the lack of any factual basis for the exercise of federal subject matter jurisdiction.

## IV.  CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED for lack of subject matter jurisdiction.

It is further

ORDERED that **on or before September 1, 2020**, Plaintiff may file objections to this Recommendation.  Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Plaintiff is advised that frivolous, conclusive, or general objections to the Recommendation will not be considered.  This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of these legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted

by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 17th day of August, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE